201702220
(kyj)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## AT CINCINNATI

IN RE:

Dwight Earl Jones

                Debtor

Case No. 17-10530

Chapter 13
Judge Beth A. Buchanan

**NOTICE OF FILING OF OBJECTION TO
DEBTOR'S PLAN BY WILMINGTON
SAVINGS FUND SOCIETY, FSB, AS
TRUSTEE OF STANWICH MORTGAGE
LOAN TRUST A
(PROPERTY ADDRESS:
7 BRUSHBACK COURT
FAIRFIELD, OH 45014)**

### OFFICIAL FORM 20A

Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A
has filed papers with the Court objecting to the confirmation of the debtor's Chapter 13 Plan.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these papers carefully and
discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an
attorney, you may wish to consult one.)

If you do not want the court to grant the objection sought in the objection to plan, or if you
want the court to consider your views on the objection to plan, then you or your attorney must:

    \* attend the confirmation hearing scheduled to
      be held at:

                U.S. Bankruptcy Court
                Atrium Two, Suite 800
                221 E. Fourth Street
                Cincinnati, Ohio   45202

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to plan and said objection may be granted by the Court.

DATED: May 15, 2017

/s/Edward J. Boll III
Edward J. Boll III, Case Attorney
LERNER, SAMPSON & ROTHFUSS
Bar Registration No. 0072982
Attorneys for Creditor
PO Box 5480
Cincinnati, OH 45201-5480
(513) 241-3100 ext. 3202
(513) 354-6464 fax
sohbk@lsrlaw.com

201702220
(kyj)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## AT CINCINNATI

IN RE:

Curtis Mapp

                     Debtor

Case No. 17-10530

Chapter 13
Judge Beth A. Buchanan

**OBJECTION TO DEBTOR'S PLAN BY
WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF
STANWICH MORTGAGE LOAN TRUST
A
(PROPERTY ADDRESS:
7 BRUSHBACK COURT
FAIRFIELD, OH 45014)**

Now comes Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage

Loan Trust A, a secured creditor, and respectfully Objects to the proposed Chapter 13 Plan filed

herein upon the grounds that the plan is underfunded and has not been filed not in good faith in

violation of Section 1325(a)(3) of the Bankruptcy Code.   This Objection is supported by the

following Memorandum.

/s/Edward J. Boll III
Edward J. Boll III, Case Attorney
LERNER, SAMPSON & ROTHFUSS
Bar Registration No. 0072982
Attorneys for Creditor
PO Box 5480
Cincinnati, OH 45201-5480
(513) 241-3100 ext. 3202
(513) 354-6464 fax
sohbk@lsrlaw.com

## MEMORANDUM

### I. STATEMENT OF FACTS.

On July 2, 2008, Curtis Mapp obtained a loan in the amount of $284,200.00. Such loan was evidenced by a Fixed Rate Note dated July 2, 2008 (the "Note"). To secure payment of the Note and performance of the other terms contained in it, Debtor Curtis Mapp executed a Mortgage. The Mortgage granted a lien on 7 Brushback Court, Fairfield, Ohio 45014 (hereinafter "Real Property").

Based upon Debtor's failure to abide by the terms of the Note and Mortgage as contractually agreed upon, Creditor declared the debt evidenced by the Note due and owing. Creditor filed a state court foreclosure complaint against the Real Property on September 28, 2010 under Butler County Court of Common Pleas Case No. CV 2010 09 4025. An Entry Granting Motion for Summary Judgment and Decree in Foreclosure in favor of Creditor in the amount of $276,924.21 was entered on November 2, 2011.

On January 4, 2013, Debtor filed a Notice of Appeal from the foreclosure judgment to the Twelfth District Court of Appeals of Ohio, as Case No. CA2013-01-0001. On September 9, 2013, the Court of Appeals filed Decision Entry of Judgment affirming in part and reversed in part.

On October 30, 2013, Debtor filed another Notice of Appeal from the foreclosure judgment to the Twelfth District Court of Appeals of Ohio, as Case No. CA2013-10-0193. On May 12, 2014, the Court of Appeals entered its Opinion affirming Judgment.

Creditor's first judicial foreclosure sale was scheduled for November 13, 2014. However, the day before the judicial state court foreclosure sale, the foreclosure action was stayed due to the Debtor filing his first *Pro Se* Chapter 13 Bankruptcy in the Southern District of Ohio under Case No. 14-14718 on November 12, 2014. The Bankruptcy case was thereafter dismissed on December 30, 2014 for

failure to file a plan or schedules.

Creditor reactivated its state court Foreclosure action and the second judicial state court foreclosure sale was scheduled for May 28, 2015. However, the sale was withdrawn by Creditor to allow time for Creditor to review the subject mortgage loan account under the Home Affordable Foreclosure Alternatives program. The third judicial state court foreclosure sale was scheduled for September 10, 2015. However, the foreclosure action was again stayed due to the Debtor filing his second *Pro Se* Chapter 13 Bankruptcy in the Southern District of Ohio under Case No. 15-13458 on September 8, 2015. The Bankruptcy case was thereafter dismissed on January 8, 2016 for Debtor's failure to appear at the 341 Meeting of Creditors.

Creditor reactivated its state court Foreclosure action and the fourth judicial state court foreclosure sale was scheduled for April 28, 2016. However, the foreclosure action was again stayed by the Debtor filing his third *Pro Se* bankruptcy under Southern District of Ohio Chapter 13 Case Number 16-11571 on April 26, 2016. Said case was dismissed on June 21, 2016 for Debtor's failure to file  a mandatory credit counseling certificate.

Creditor reactivated its state court Foreclosure action and the fifth judicial state court foreclosure sale was scheduled for February 23, 2017. However, the foreclosure action was again stayed by the Debtor filing his fourth *Pro Se* bankruptcy on February 21, 2017 under the within bankruptcy proceeding as Southern District of Ohio Case No. 17-10530.

A comparison of the Schedules filed in Case Nos. 15-13458, 16-11571 and 17-10530 reveals:

| Case No. | Debtors | Sch. A Assets | Sch. D Liabilities to Creditors Holding Secured Claims | Sch. F Liabilities to Creditors Holding Unsecured Claims | Sch. I Current Income of Individual Debtor(s) |
|---|---|---|---|---|---|
| | | | | | |

| 17-10530 | Curtis Mapp | $280,000.00 | $187,000.00 | $20,000.00 | $1,819.00 |
| 16-11571 | Curtis Mapp | $280,000.00 | $158,000.00 | $20,000.00 | $1,819.00 |
| 15-13458 | Curtis Mapp | $250,000.00 | $288,000.00 |  | $2,146.85 |

Creditor has yet to receive any post-petition payments, and the mortgage loan account, at the time the latest bankruptcy was filed, was in default for the month of February 1, 2010 and subsequent months, resulting in an estimated outstanding mortgage loan arrearage in excess of $174,275.00 due and owing which consists of $167,993.95 in missed mortgage payments alone through and including the February, 2017 payment.

The Chapter 13 Plan fails to comply with Section 1322(b)(5) of the Bankruptcy Code, which permits Debtors to cure defaults while resuming and maintaining regular payments on long term obligations. That section requires, however, that such defaults be cured "within a reasonable time."

## II. LEGAL ANALYSIS

To be confirmed, a Chapter 13 plan must be proposed in good faith. 11 U.S.C. § 1325(a)(3); *Ed Schory & Sons. Inc. v. Francis (In re Francis)*, 273 B.R. 87, 91 (B.A.P. 6th Cir. 2002 ) ("[A] debtor's plan cannot be confirmed unless it is proposed in good faith . . . .") (citing *Hardin v. Caldwell (In re Caldwell)*, 895 F.2d 1123, 1126 (6th Cir. 1990); *In re Carver*, 110 B.R. 305, 307 (Bankr. S.D. Ohio 1990) ("It is axiomatic that good faith is essential to the confirmation of every Chapter 13 plan."). "[W]hile the objecting party must meet the initial burden of producing evidence in support of his objection, the debtor bears the ultimate burden of persuasion on the issue of compliance with the confirmation criteria contained in § 1325(a)." *Carver*, 110 B.R. at 311. *See also Francis*, 273 B.R. at 91 ("[T]he debtor bears the burden of

proving his good faith.").

"The Sixth Circuit has indicated that 'a debtor's pre-petition conduct is but one element' and that bankruptcy courts must look to the totality of the circumstances in determining a debtor's good faith in filing a chapter 13 petition and plan." *Francis*, 273 B.R. at 91 (quoting *Okoreeh-Baah*, 836 F.2d at 1033). While "[g]ood faith is an amorphous notion, largely defined by factual inquiry," *Okoreeh-Baah*, 836 F.2d at 1033, "[t]he Sixth Circuit 'has suggested a twelve-part test to determine whether a debtor's Chapter 13 plan is proposed in good faith.'" *Francis*, 273 B.R. at 91 (quoting *Caldwell I*, 895 F.2d at 1126). These criteria are:

> (1) the amount of the proposed payments and the amount of the debtor's surplus;
> (2) the debtor's employment history, ability to earn and likelihood of future increase in income;
> (3) the probable or expected duration of the plan;
> (4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;
> (5) the extent of preferential treatment between classes of creditors;
> (6) the extent to which secured claims are modified;
> (7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;
> (8) the existence of special circumstances such as inordinate medical expenses;
> (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;
> (10) the motivation and sincerity of the debtor in seeking Chapter 13 relief;
> (11) the burden which the plan's administration would place upon the trustee; and,
> (12) whether the debtor is attempting to abuse the spirit of the Bankruptcy Code.
> *Id.* (citing *Caldwell* , 895 F.2d at 1126-1127).

The Debtor clearly has not satisfied his burden to establish good faith. Debtor has established neither a <u>substantial</u> change in his financial affairs since the prior bankruptcy filings nor any other reason to conclude that the pending case will be successful. Instead, the facts of this case clearly demonstrate Debtor's commitment to attempting to abuse the spirit of the Bankruptcy Code and thwart direct orders of the Bankruptcy Court.

WHEREFORE, based upon the foregoing, Creditor respectfully requests that the Court

deny Confirmation of Debtor's proposed Chapter 13 Plan.

/s/Edward J. Boll III
Edward J. Boll III, Case Attorney
LERNER, SAMPSON & ROTHFUSS
Bar Registration No. 0072982
Attorneys for Creditor
PO Box 5480
Cincinnati, OH 45201-5480
(513) 241-3100 ext. 3202
(513) 354-6464 fax
sohbk@lsrlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Objection to Debtor's Plan of the secured creditor, Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A, was electronically transmitted on or about 15th day of May, 2017 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list:

Margaret A. Burks, Trustee
600 Vine Street, Suite 2200
Cincinnati, Ohio 45202
Cincinnati@cinn13.org

Office of the U.S. Trustee
36 East Seventh Street
Suite 2030
Cincinnati, Ohio 45202
ustpregion09.ci.ecf@usdoj.gov

The undersigned certifies that a copy of the foregoing Objection to Debtor's Plan of the secured creditor, Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A, was transmitted on or about 15th day of May, 2017 via regular U.S. mail, postage pre-paid:

Curtis Mapp
7 Brushback Ct.
Fairfield, OH 45014

/s/Edward J. Boll III
Edward J. Boll III, Case Attorney
LERNER, SAMPSON & ROTHFUSS
Bar Registration No. 0072982
Attorneys for Creditor
PO Box 5480
Cincinnati, OH 45201-5480
(513) 241-3100 ext. 3202
(513) 354-6464 fax
sohbk@lsrlaw.com